UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRADFORD WALKER DEVRIES,

    Plaintiff,

v.

SCHNEIDER TIRE OUTLET, INC.,
A Domestic Profit Corporation, and
MATTHEW J. SCHNEIDER, an
Individual, jointly and severally,
    Defendants.

Case No:  1:19-cv-00370

HON. JANET T. NEFF

---

| | |
|---|---|
| Robert Anthony Alvarez (P66954)<br>Agustin Henriquez (P79589)<br>AVANTI LAW GROUP, PLLC<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, Michigan  49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | Allan S. Rubin (P44420)<br>Daniel C. Waslawski (P78037)<br>JACKSON LEWIS P.C.<br>Attorneys for Defendants<br>2000 Town Center, Suite 1650<br>Southfield, Michigan 48075<br>(248) 936-1900<br>rubina@jacksonlewis.com<br>daniel.waslawski@jacksonlewis.com |

---

## JOINT MOTION TO APPROVE SETTLEMENT

Now come the parties jointly, by and through their respective counsel, and move this Court for an order approving settlement and in support of their Motion state as follows:

1.    On May 10, 2019, Plaintiff filed an a single count Complaint (ECF No. 1) against Defendants in the United States District Court for the Western District of Michigan, in which Plaintiff sought relief for, among other things, alleged violations of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. §§ 201 et seq.

2.    Plaintiff's claim arose out of his employment with Defendant Schneider Tire Outlet, Inc. ("Schneider Tire").  Schneider Tire sells tires throughout the Midwest. Its business

primarily consists of wholesale tire sales. Plaintiff began his employment with Schneider Tire in August 2010. While employed, he held various positions. In his last position, he was an Outside Sales Representative, a position held from May 3, 2015 through September 8, 2018, when he resigned. As an Outside Sales Representative, he earned a base salary and was paid bonuses/commissions based on the profit margins of his wholesale sales.

3.     In his lawsuit, Plaintiff alleged that Schneider Tire misclassified him as an exempt employee and that it should have classified him as non-exempt, which would have entitled him to overtime for hours worked in excess of 40 hours in a workweek. Plaintiff also sued the owner of Schneider Tire, Matthew Schneider, under the theory that Matthew Schneider was a joint employer within the meaning of the FLSA. At all times during the lawsuit, it has been undisputed that Schneider Tire paid Plaintiff on a salary basis in an amount that exceeded the FLSA's required salary amount. To advance his claim, Plaintiff solely took issue with whether his job duties as an Outside Sales Representative fell under the FLSA's exemptions to overtime.

4.     On June 3, 2019, Defendants filed their answer to Plaintiff's Complaint. In their Answer, the Defendants denied that (1) Plaintiff was misclassified as an exempt employee; (2) Defendant Matthew Schneider employed Plaintiff; and (3) any overtime was due and owed to Plaintiff. (ECF No. 5). Defendants further affirmatively asserted that they properly classified Plaintiff as exempt as an outside salesperson, a highly compensated employee, an exempt administrative, and all three said exemptions. (See ECF No. 5, Aff. Def. No. 3).

5.     On October 22, 2019 the Parties appeared before the Honorable Ellen S. Carmody for a court-ordered settlement conference. The settlement conference resulted in an amicable agreement in principle resolving the lawsuit. The terms of that settlement are encapsulated in a

written settlement agreement, a copy of which accompanies the brief in support of this motion as **Exhibit A.** During these negotiations, the Parties were represented by their counsel of record.

6. The settlement agreement contains a provision for proposed costs and fees to be paid to counsel for Plaintiff. Plaintiff believes that the costs and fees are reasonable and commensurate with the service rendered by Plaintiff's Counsel and requests that they be approved. As part of the settlement, Defendants have agreed not to object to the award of the fees and costs up to the amount stated in the settlement agreement. Defendants take no other position regarding the reasonableness of the Plaintiff's attorneys' fees and costs.

7. Upon approval of the Settlement, the Parties agree that all claims against all Defendants will be dismissed <u>with</u> prejudice and <u>without</u> additional costs or attorney fees.

8. The Parties agree that the settlement is a fair and reasonable resolution of a bona fide dispute over issues arising under the FLSA. Although Defendants deny that there were violations of the FLSA, the Parties agree that the settlement represents a fair compromise of the alleged claims in the event that Plaintiff prevailed on the merits of his case.

9. Because the Parties believe that the settlement represents a fair resolution of this matter, they jointly ask that the Court approve the settlement of this action and enter the Order attached accompanying the brief in support of this motion as **Exhibit B**, approving the settlement and dismissing this case with prejudice.

WHEREFORE, Plaintiff and Defendants respectfully move this Court for entry of an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of this matter; and (iii) DISMISSING this action in its entirety <u>with</u> prejudice and <u>without</u> further costs and fees.

Respectfully Submitted,

Dated: December 9, 2019        By: *Robert Anthony Alvarez*
                                  Robert Anthony Alvarez (P66954)
                                  Agustin Henriquez (P79589)
                                  AVANTI LAW GROUP, PLLC
                                  Attorneys for Plaintiff
                                  600 28th St. SW
                                  Wyoming, Michigan  49509
                                  (616) 257-6807
                                  ralvarez@avantilaw.com


Dated: December 9, 2019        By:   Allan S. Rubin          .
                                  Allan S. Rubin (P44420)
                                  Daniel C. Waslawski (P78037)
                                  JACKSON LEWIS P.C.
                                  Attorneys for Defendants
                                  2000 Town Center, Suite 1650
                                  Southfield, Michigan 48075
                                  (248) 936-1900
                                  rubina@jacksonlewis.com
                                  daniel.waslawski@jacksonlewis.com